IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10501
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILTON EUGENE ROBINS,

Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-920-G
(3:90-CR-127-1-G)
--------------------
April 27, 2000

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Milton Eugene Robins (#02993-078) has appealed the denial of his motion to vacate, set aside, or correct judgment under 28 U.S.C. § 2255. Robins contends that he received ineffective assistance of counsel because his trial attorney, Robert Smith, labored under a conflict of interest. Robins contends that Smith represented persons who were cooperating with the Government against Robins. Because of his desire to shield those persons, Robins argues, Smith failed to present the testimony of Donald Brow in support of Robins's motion to suppress evidence seized from his

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

house pursuant to a search warrant.  Robins contends that Brow would have testified that information was attributed falsely to him in the affidavit supporting the issuance of the search warrant.

In the context of multiple-client representation, the standard for judging whether a defendant has received ineffective-assistance because his attorney labored under a conflict of interest is provided by Cuyler v. Sullivan, 446 U.S. 335 (1980).  Under Cuyler, Robins must establish that an actual conflict of interest adversely affected his lawyer's performance.  If Robins can make such a showing, then prejudice is presumed.  Beets v. Scott, 65 F.3d 1258, 1264 (5th Cir. 1995) (en banc).  "The determinations of actual conflict and adverse effect are mixed questions of fact and law, which we review de novo."  Perillo v. Johnson, ___ F.3d ___ (5th Cir. Mar. 2, 2000, No. 98-20653), 2000 WL 235227, *2.

"Adverse effect" is a less onerous standard than the outcome-determinative "prejudice" standard of Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under this standard, Robins must show that some plausible defense strategy or tactic might have been pursued but was not, because of the conflict of interest.  Perillo, 2000 WL 235227, at *30.

Robins cannot show that Smith's alleged conflict could have had anything to do with the denial of his motion to suppress.  The motion was decided on briefs prepared and filed by co-counsel prior to Smith's involvement in the case.  Smith, who appeared for Robins for the first time on the date scheduled for the hearing on the motion, did not present or attempt to present oral argument

regarding the motion.  Instead, the argument was handled by co-counsel.

Applying <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), the district court held that the search-warrant affidavit was sufficient, without consideration of the challenged factual assertions, to show probable cause.  For that reason, the court held, Robins was not entitled to a hearing.  Because the district court refused to permit Robins to present evidence in support of the motion to suppress, Robins cannot show that evidence could have been presented by Smith, but was not, because of Smith's alleged conflict of interest.

Robins has briefed other issues which were not certified for appeal in this court's order partially granting Robins's request for a certificate of appealability ("COA").  This court's appellate review is limited to issues specified in the order granting COA.  <u>See</u> <u>United States v. Kimler</u>, 167 F.3d 889, 892 n.4 (5th Cir. 1999).  The judgment is

AFFIRMED.